

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED
JUN 29 2009
JOHN F. CORCORAN, CLERK
BY: _____, DEPUTY CLERK

| | |
|---|---|
| ALLIANT AMMUNITION AND POWDER CO., L.L.C. and ALLIANT TECHSYSTEMS, INC.,<br><br>    Plaintiffs,<br>v.<br><br>LOCAL 8-00495 of UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO,<br><br>and<br><br>UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO<br><br>and<br><br>GRIEVANTS, DONNA S. FERGUSON, TERESA G. GONZALEZ a/k/a TERESA G. EPPERSON, GEORGE H. POTTER, JOSHUA M. COZORT and ROGER H. WAGNER<br><br>    Defendants. | Case No.: 7:09-CV-00254 |

## COMPLAINT

1. This is an action brought under the Labor Management Relations Act of 1947, 29 U.S.C. § 185, pursuant to which this court has jurisdiction.

2. Plaintiffs, Alliant Ammunition and Powder Co., L.L.C. and Alliant Techsystems, Inc. (Companies hereinafter collectively "Employer"), by counsel, bring

this action to set aside and vacate an award rendered by an arbitrator in excess of authority under the collective bargaining agreement between Employer and the defendants Local 8-00495 of United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO and United Steel, Paper And Forestry, Rubber, Manufacturing, Energy, Allied Industrial And Service Workers International Union, AFL-CIO and grievants Donna S. Ferguson, Teresa G. Gonzalez a/k/a Teresa G. Epperson, George H. Potter, Joshua M. Cozort and Roger L. Wagner (hereinafter collectively "Union").

    3.    Employer is a corporation incorporated under the laws of the State of Delaware, with power to sue in its own name. Plaintiff is duly authorized to transact business in the Commonwealth of Virginia and is doing business in the Commonwealth of Virginia, having offices and manufacturing facilities in Radford, Virginia. The plaintiff is an employer in an industry affecting commerce within the meaning of the Labor Management Relations Act.

    4.    The defendant Union is an unincorporated labor organization within the meaning of the Labor Management Relations Act, with its principal place of business in Pennsylvania, and represents employees in an industry affecting commerce. It is the authorized bargaining representative for certain employees at the Employer's plant in Radford, Virginia.

    5.    For a number of years, the parties have regularly entered collective bargaining agreements covering terms and conditions of employment for these employees. A copy of the current agreement, effective October 7, 2007, is attached to and incorporated by reference in this Complaint as Exhibit A.

6. Article V of this current agreement provides a four-step grievance procedure, culminating in arbitration, for the resolution of disputes between the parties over "the meaning or application of the provisions of this agreement." It further provides that "the decision of the arbitrator shall be binding upon the parties hereto, provided that any such decision shall not extend, modify or suspend any provision of this Agreement."

7. Article VIII, Section 2 provides:

> All hours worked in excess of the assigned workweek and all hours worked in excess of the assigned work shift will be used for the purpose of computing overtime.

8. Article VIII, Section 3 provides:

> Time and one-half the regular hourly rate ... shall be paid for all hours worked in excess of the assigned workweek and all hours worked in excess of the assigned work shift or any hours after (40) except that work which is performed on the seventh consecutive day worked within the regular workweek shall be paid at the rate of double the hourly rate....

9. Article VIII, Section 5 deals exclusively with a situation where employees are called to work outside his or her regularly scheduled hours. This Section states explicitly that:

> Whenever an employee responds to an emergency call-in, he or she will be given a premium of four (4) hours' pay in addition to pay for the hours actually worked during the call-in. The rules governing call-in time are as follows:
>
> (A) An emergency call-in is defined as the calling back to work of an employee outside his or her regularly scheduled hours of work or on a holiday.
>
> (B) Call-in time will not be paid if notice that work is to be done outside of regular hours is given at least fifteen and three-quarter (15-3/4) hours before such work starts.

10. The parties settled on the following issue to be determined by the arbitrator, regarding overtime pay.

> Whether, under the terms of the contract between the parties, when a holiday falls within a workweek so that the employee has vacation hours on days he would normally work, the employee is entitled to overtime payment for hours worked on his scheduled days off, even though the employee has worked less than 40 hours.

11. In determining whether overtime should be paid when an employee is called back to work outside of his or her regularly scheduled hours, the express language of Article VII, Section 5 requires the arbitrator to apply the emergency call-in provision. The arbitrator has no authority or discretion to ignore this provision, or dispense his or her own brand of industrial justice.

12. For the week ending September 8, 2007, the Employer called employee Donna Ferguson back to work on her scheduled day off, September 7, 2007.[1] The Employer paid the overtime rate once Donna Ferguson reached 40 hours in the defined workweek. The Union contended Donna Ferguson should have received overtime pay for all hours worked on her day off, not just the hours that exceeded 40 hours in a workweek. The parties processed this grievance through the grievance procedures and ultimately referred the matter to arbitration.

13. On December 11, 2008, arbitrator Gregg Lowell McCurdy, having been duly selected by the parties, conducted a hearing at which both parties appeared. At the hearing, Donna Ferguson testified as to the hours she had worked, pay received and the notice the Employer provided before calling her in to work.

---

[1] Donna Ferguson's regularly assigned work schedule was Monday through Thursday, 10 hours a day, for a total of 40 hours a week.

14. The Union represented at the arbitration hearing that the four employees additional to Donna S. Ferguson: Teresa G. Gonzalez a/k/a Teresa G. Epperson, George H. Potter, Joshua M. Cozort and Roger L. Wagner had the same grievance and pertinent facts as Donna S. Ferguson. However, these other four individuals did not appear for or testify at the hearing.

15. On March 27, 2009, the arbitrator issued an Opinion and Award. A copy of this Opinion and Award is attached to and incorporated by reference in this Complaint as Exhibit B. On April 6, 2009, the Employer filed a Motion for Reconsideration and Memorandum in Support. A copy of the Motion for Reconsideration and Memorandum in Support are attached to and incorporated by reference in this Complaint as Exhibits C & D. On April 14, 2009, the arbitrator issued his Memorandum and Order re: Employer's Motion to Reconsider Decision and Award, granting the Motion for Reconsideration in part and denying it in part. A copy of this Memorandum and Order is attached to an incorporated by reference in this Complaint as Exhibit E. On May 13, 2009, the Employer filed a Second Motion for Reconsideration and Memorandum in Support. A copy of the Second Motion for Reconsideration and Memorandum in Support is attached to and incorporated by reference in this Complaint as Exhibit F. On May 14, 2009, the arbitrator issued a Memorandum and Order re: Affected Grievants and Employers Second Motion to Reconsider Decision and Award. The arbitrator indicated that the May 14, 2009 Order was the Final Order. A copy of this Memorandum and Order is attached to an incorporated by reference in this Complaint as Exhibit G.

16. The arbitrator found that:

> The wording [in Article VIII, Section 2] can *only* mean that the work on days other than those belonging to the regularly assigned workweek are to be paid at the [overtime rate].

17.     The arbitrator's Award does not draw its essence from the parties' collective bargaining agreement. The Opinion and Award fails to discuss and apply the critical contract terminology, including the meaning and application of the emergency call-in provision set forth in Article VIII, Section 5. Rather, the arbitrator exceeded the jurisdiction granted by the collective bargaining agreement by suspending the emergency call-in provision. The arbitrator's decision renders Article VIII § 5, the emergency call-in section, completely meaningless. Further, the arbitrator's failure to distinguish between hours or days worked *in excess* of the assigned workweek and hours or days worked *outside* the assigned workweek ignores a distinction plainly set forth in the collective bargaining agreement.

18.     The arbitrator vacated the portion of his first Opinion and Award discussing the emergency call-in provision; however, the subsequent Opinion and Award does not address whether the emergency call-in provision applies. Indeed, in the first Opinion and Award the arbitrator stated "the Employer ignores the fact that [section 5][2] is clearly applicable only to "emergency" situations – that is, situations that are not foreseeable which require employees to put in extra hours, more or less without warning…But for that the Employer would prevail in this arbitration on the basis of [section 5]." See Exhibit B at 7. Subsequently, the arbitrator conceded in his response to the Employer's First Motion for Reconsideration that he improperly went beyond the Agreement's definition of emergency call-in and struck that portion of the decision. *See,* Exhibit E at 2. Pursuant to the arbitrator's own rulings, the Employer should have prevailed on the basis of Article VIII Section 5 of the collective bargaining agreement.

---

[2] The arbitrator's Opinion and Award incorrectly referred to Article VIII § 5 as Article VIII § 6.

19. The arbitrator's Award is as follows:

> The grievance is sustained. The grievants are to receive OT pay for the hours worked outside their regularly scheduled shift days but which are not in excess of 40 hours.

20. By an award that fails to draw its essence from the collective bargaining agreement, the arbitrator has exceeded the limited authority under the collective bargaining agreement.

21. Plaintiff requests the following relief:

(a) To set aside and vacate the award issued by Gregg Lowell McCurdy as being made in excess of authority.

(b) For any additional equitable relief that the plaintiff may be entitled to receive.

ALLIANT AMMUNITION AND POWDER CO., L.L.C. and ALLIANT TECHSYSTEMS, INC.,

By _____
Of Counsel

Linda D. Frith (VSB No. 21905)
Carolyn N. Dietz (VSB No. 75254)
FRITH ANDERSON & PEAKE, P.C.
29 Franklin Road, SW
Post Office Box 1240
Roanoke, Virginia 24006-1240
540-772-4600
Facsimile 540-772-9167
Counsel for Plaintiff